**JUDGE BUCHWALD**

**'08 CIV 5476**

323-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
MARDENIZ DENIZCILIK ISLETMELERI A.S.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARDENIZ DENIZCILIK ISLETMELERI A.S.,

                  Plaintiff,

-against-

SARA INTERNATIONAL LIMITED,

                  Defendant.

08 CV _____ (___)

**VERIFIED COMPLAINT**

---

    Plaintiff MARDENIZ DENIZCILIK ISLETMELERI A.S. (hereinafter "MARDENIZ"), for its Verified Complaint against Defendant SARA INTERNATIONAL LIMITED (hereinafter "SIL"), alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201, *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

2. At all times material hereto, Plaintiff MARDENIZ was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Ambarli Liman Tesisler, Mardas Iskelesi, 34524, Yakuplu – Buyukcekmece, Istanbul – Turkey.

3. At all times relevant hereto, Defendant SIL was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at A-31, Hauz Khas, New Delhi – 110016 – India.

4. On or about March 18, 2008, Defendant SIL, as charterer, entered into a maritime contract of charter party with Plaintiff MARDENIZ, as owner, to carry a cargo of iron ore aboard the M/V HABIBE ANA from two safe ports at Haldia and Paradip to one safe port at Qingdao, mid-China or Fuzhou (at charterer's option).

5. Under the terms of the charter, Defendant SIL was obligated to pay demurrage at the rate of $47,500 per day pro rata for each day the vessel was delayed at the loading and/or discharge port(s) beyond the agreed laytime period of 12 hours at each loading port (i.e., Haldia and Paradip) and 12 hours at the discharge port.

6. Plaintiff MARDENIZ was obligated, under the terms of the charter, to load a minimum of 17,000 metric tons of cargo at Haldia up to the permissible draft on the date of sailing. The Master was to try and load more cargo if the permissible draft allowed. The remaining balance of the cargo was to be loaded at Paradip.

7. Plaintiff MARDENIZ duly delivered the M/V HABIBE ANA into the service of Defendant SIL at Haldia on March 29, 2008 at 01:40 hours, where she proceeded to load 17,912 metric tons of Defendant's cargo.

8. Thereafter, the vessel departed Haldia and proceeded to Paradip, where she loaded the balance of Defendant's cargo.

9. From Haldia, the vessel proceeded to Lianyungang, China where she discharged all of Defendant's cargo.

10. Plaintiff MARDENIZ duly performed all of its duties in accordance with the terms of the charter party.

11. On May 14, 2008, Plaintiff MARDENIZ issued a final freight statement showing a demurrage balance in favor of Plaintiff in the amount of $299,626.61.

12. In breach of the charter, and despite due demand, Defendant SIL refused and/or otherwise failed to pay $60,547.08 of demurrage due to MARDENIZ, and the entire amount remains unpaid and owing under the terms of the charter.

13. The charter party provides for the application of English law and disputes between the parties to be subject to London arbitration, and MARDENIZ specifically reserves its right to arbitrate the substantive matters at issue in London. Arbitration has or will soon be commenced.

14. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff MARDENIZ's claim made or to be made in the London proceedings and under English law, as agreed by the parties.

15. As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

16. Plaintiff estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting their claims in London will be $25,000. Interest anticipated to be awarded is estimated to be $9,014.36 (calculated at the rate of 7% per annum compounded quarterly for a

period of two year on the principal claim of $60,547.08, the estimated time for completion of the proceedings in London).

17.  In all, the claim for which Plaintiff MARDENIZ sues in this action, as near as presently may be estimated, totals $94,561.44, no part of which has been paid by Defendant SIL, despite due demand. Plaintiff MARDENIZ specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure MARDENIZ.

### Request for Rule B Relief

18.  Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant SARA INTERNATIONAL LIMITED (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

19.  The total amount sought to be attached pursuant to the above is **$94,561.44**.

WHEREFORE, Plaintiff MARDENIZ DENIZCILIK ISLETMELERI A.S. prays:

a.  That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$94,561.44** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant SARA INTERNATIONAL LIMITED, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and enforcement of any award entered against the Defendant in the London proceedings; and

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
June 17, 2008

                      FREEHILL HOGAN & MAHAR, LLP
                      Attorneys for Plaintiff
                      MARDENIZ DENIZCILIK ISLETMELERI A.S.

                      By: _____
                            Michael E. Unger (MU 0045)
                            80 Pine Street
                            New York, NY 10005
                            (212) 425-1900
                            (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York )
) ss.:
County of New York )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
17th day of June, 2008

_____
Notary Public
MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/10

NYDOCS1/306637.1                               6